# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON RICHARD MORGAN, | No. 3:19-CV-01179 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Mehalchick) |
| TAMMY FERGUSON and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | |
| Respondents. | |

## ORDER

**MARCH 30, 2020**

Jason Richard Morgan, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] Morgan alleges that his plea counsel was ineffective for failing to re-file Morgan's pro se motion to withdraw his guilty plea.[2]

In November 2019, Magistrate Judge Karoline Mehalchick issued a Report and Recommendation recommending that this Court grant Respondents' motion to dismiss and dismiss Morgan's petition.[3] Magistrate Judge Mehalchick recommends finding that Morgan's § 2254 petition is time-barred, and that his attorney's

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 11.

miscalculation of the filing deadline does not constitute cause sufficient to warrant equitable tolling.[4]

Morgan filed timely objections to the Report and Recommendation, asserting that the United States Court of Appeals for the Third Circuit has wrongly concluded that equitable tolling is not warranted based upon an attorney's error in calculating a filing deadline.[5] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[6] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[7] Upon *de novo* review, the Court finds no error in Magistrate Judge Mehalchick's conclusion that Morgan's § 2254 petition is time-barred.[8] Consequently, **IT IS HEREBY ORDERED** that:

---

[4] *Id.*
[5] Docs. 12, 13.
[6] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[8] Although counsel contends that the Third Circuit has incorrectly "rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling," *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002), the Third Circuit's decision may be revisited only by the Third Circuit sitting *en banc* or by the United States Supreme Court. *See United States v. Johnson*, 899 F.3d 191, 209 (3d Cir. 2018). Moreover, it is not simply the Third Circuit that has reached such a conclusion. The Supreme Court has also "previously held that a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (citations and internal quotation marks omitted). Thus, Morgan's objection must be overruled.

1. Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 11) is **ADOPTED**;

2. Respondents' motion to dismiss (Doc. 5) is **GRANTED**;

3. Morgan's 28 U.S.C. § 2254 petition (Doc. 1) is **DISMISSED** as time-barred;

4. The Court declines to issue certificate of appealability;[9] and

5. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[9] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).