# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JASON RICHARD MORGAN,

        Petitioner,

        v.

TAMMY FERGUSON, and
THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA,

        Respondents.

No. 3:19-CV-01179

(Judge Brann)

(Magistrate Judge Mehalchick)

## ORDER

### APRIL 17, 2020

Jason Richard Morgan, a Pennsylvania state prisoner, filed a 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1]  On March 30, 2020, this Court dismissed as time-barred Morgan's § 2254 petition, declined to issue a certificate of appealability, and closed this case.[2]  Morgan has now filed a motion for reconsideration, asserting that this Court should consider the merits of his petition or, in the alternative, grant a certificate of appealability.[3]

To properly support a motion for reconsideration, a party must demonstrate "at least one of the following: (1) an intervening change in the controlling law; (2)

---

[1]   Doc. 1.
[2]   Doc. 14.
[3]   Docs. 15, 16.

the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[4]  "Thus, [to warrant reconsideration, a petitioner] must show more than mere disagreement with the earlier ruling; [he] must show that the . . . Court committed a direct, obvious, or observable error, and one that is of at least some importance to the larger proceedings."[5]

The Court concludes that Morgan has not satisfied his burden.  As noted in the Court's previous Order, the outcome of this matter is governed by precedent to which this Court is bound; that precedent holds that attorney error is insufficient to excuse an untimely § 2254 petition.[6]  There is no new evidence, intervening change of law, or clear error of law or fact that would cast doubt upon this Court's earlier ruling.  The Court recognizes the difficulty inherent in such a ruling, and the unfairness in placing upon a petitioner the burden of errors committed by counsel.  Nevertheless, that outcome is mandated here, and this Court simply does not have the power to overrule binding precedent from the United States Supreme Court and the United States Court of Appeals for the Third Circuit.[7]

---

[4]  *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017) (ellipsis and internal quotation marks omitted).

[5]  *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (brackets, quotation marks, and citation omitted).

[6]  *Holland v. Florida*, 560 U.S. 631, 651-52 (2010); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002).

[7]  Although this Court will not issue a certificate of appealability, Morgan may of course appeal this decision and request that the Third Circuit issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED** that Morgan's motion for reconsideration (Doc. 15) is **DENIED**.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge